UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEMINOLE TRANSPORTATION
SPECIALISTS, INC.,

    Plaintiff,

v.                                              CASE NO.: 8:11-cv-2220-T-23AEP

PDM BRIDGE, LLC,

    Defendant.
_____/

**ORDER**

Alleging that PDM Bridge, LLC, (PDM) wrongfully terminated a contract for transport and hauling services, Seminole Transportation Specialists, Inc., (STS) sues PDM for breach of contract and for unjust enrichment. PDM moves (Doc. 16) for summary judgment as to STS's demand for lost profit.

PDM contends that, because STS fails to establish past profitability, STS cannot recover lost profit. In support PDM cites precedents disallowing damages for speculative lost profit. A plaintiff, however, may recover lost profit for a breach of contract if the parties, when agreeing to the contract, contemplated the plaintiff's earning a profit. *Sun Ins. Mktg. Network, Inc. v. AIG Life Ins. Co.*, 254 F.Supp.2d 1239, 1246 (M.D. Fla. 2003) (Moody, J.); *Twyman v. Roell*, 166 So. 215, 217 (Fla. 1936); 22

AM. JUR. 2D DAMAGES § 448 (2012); *see also Krikorian v. Dailey*, 197 S.E. 442, 448 (Va. 1938) ("nearly all commercial contracts are entered into in contemplation of future profits").  STS seeks to establish lost profit based on PDM's alleged breach of a contract; STS's demand therefore differs from the speculative demands for lost profit that PDM cites.  *See Brevard County Fair Ass'n, Inc. v. Cocoa Expo, Inc.*, 832 So.2d 147, 152 (Fla. 5th DCA 2002) (disallowing recovery of lost profit by an unprofitable commercial tenant); *Knight Energy Services, Inc. v. C.R. Int'l Enterprises, Inc.*, 616 So.2d 1079, 1080 (Fla. 4th DCA 1993) (allowing recovery of lost profit equal to the price of a breached contract minus the cost of performance).

In Florida, a plaintiff must deduct from a calculation of lost profit the aliquot portion of fixed cost arising from performance.  *See*, *e.g.*, *RKR Motors, Inc. v. Associated Unif. Rental & Linen Supply, Inc.*, 995 So.2d 588, 593 (Fla. 3d DCA 2008); *but see*, *e.g.*, *DXS, Inc. v. Siemans Med. Sys., Inc.*, 100 F.3d 462, 474 (6th Cir. 1996); 22 WILLISTON ON CONTRACTS § 64:11 & n.94 (4th ed.).  PDM contends that STS improperly includes fixed cost in the calculation of lost profit.  But PDM never establishes that the record lacks data from which a plaintiff's expert and a properly instructed jury can sum STS's lost profit correctly.  In other words, although PDM raises a dispute of fact as to which specific expenses STS cannot recover, PDM fails to show that as a matter of law STS cannot prove lost profit at trial.

The motion for summary judgment (Doc. 16) is **DENIED**.  PDM's motion (Doc. 23) to reply is **DENIED**.  This action is referred to mediation.  The parties

shall comply with each condition of the December 19, 2011, referral (Doc. 8) to mediation except for (1) the mediation scheduling deadline (section (c)) and (2) any condition waived by the mediator, Peter Grilli.  By **July 30, 2012**, the parties shall schedule a mediation that shall occur on or before **September 28, 2012**.

ORDERED in Tampa, Florida, on July 19, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE